IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| RAYMOND GEARHART, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 10-3283-CV-S-RED |
| JUAN D. CASTILLO, | ) |
| Defendant. | ) |

## REPORT AND RECOMENDATION

This matter has been referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(e), for a report and recommendation on the pending Motion for Summary Judgment filed by Defendant Juan D. Castillo (Doc. 35). For the reasons set forth below it is **RECOMMENDED** that the motion be **GRANTED** and the case **DISMISSED**.

### BACKGROUND

On July 21, 2010, Plaintiff Raymond Gearhart, an inmate confined in the United States Medical Center for Federal Prisoners (USMCFP),[1] filed a *pro se* petition claiming that USMCFP officials were violating his constitutional rights by forcibly medicating him with powerful psychotropic drugs that cause unwanted side effects, including tardive dyskenesia, blurred vision, weight gain, and dizziness, and by tampering with his food. The Court construed his filing as a petition for writ of habeas corpus. Upon initial review, the Court determined that

---

[1] Gearhart is in custody of the Bureau of Prisons pursuant to 18 U.S.C. § 4246, which authorizes continued hospitalization of an inmate, due for release, who suffers from mental disease or defect.

Gearhart failed to state a constitutional violation and dismissed the petition without prejudice (Doc. 17).

On appeal, the United States Court of Appeals for the Eighth Circuit affirmed the Court's dismissal of Gearhart's claims that "sounded in habeas corpus," but concluded that "the gravamen of his complaint was a challenge to the lawfulness of his forced medication, which could be raised" in an action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). In an unpublished opinion, the court of appeals remanded the case for further proceedings. *Gearhart v. Anderson*, 418 F. App'x 582 (8th Cir. 2011).

Upon remand, and with assistance of appointed counsel, Gearhart filed an amended complaint pursuant to *Bivens*.[2] The amended complaint raises a multitude of constitutional violations against Defendant Juan D. Castillo, the warden of USMCFP, for 1) violating the due process clauses of the Fifth and Fourteenth Amendments in forcibly medicating Gearhart; 2) violating Gearhart's right of access to the courts; 3) violating Gearhart's right to counsel; 4) violating the equal protection clause of the Fourteenth Amendment; 5) violating Gearhart's First Amendment rights by controlling his freedom of thought; 6) violating the Americans with Disabilities Act (ADA); 7) violating the Rehabilitation Act (RA); and 8) conspiring with other USMCFP officials to violate Gearhart's constitutional rights (Doc. 33). Gearhart seeks damages and injunctive relief.

Defendant Castillo filed a Motion for Summary Judgment, alleging the following undisputed facts. In 2004, Gearhart was sentenced to a 27-month term of imprisonment in the Eastern District of Virginia for being a felon in possession of ammunition, in violation of 18

---

[2] Gearhart filed a *pro se* amended complaint on September 30, 2011 (Doc. 25). The undersigned considers the second amended complaint (Doc. 33), filed by counsel on January 31, 2012, to be the operative complaint in the action.

U.S.C. §§ 922(g)(1) and 924(a)(2) (Doc. 35-2). On July 12, 2005, after a hearing to determine whether his release upon completion of his sentence would create a substantial risk of bodily injury to another person or serious damage to property of another, Gearhart was committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4246. The Eighth Circuit affirmed. *See United States v. Gearhart*, Case No. 05-cv-3193-RED (W.D. Mo. July 12, 2005). Since that time, Gearhart has been confined at USMCFP in Springfield, Missouri. Mental health professionals have diagnosed Gearhart with Schizoaffective Disorder, Borderline Personality Disorder, anxiety, and depression. On August 31, 2005, a hearing was conducted at the USMCFP to determine whether Gearhart should be involuntary medicated with antipsychotic medications. Based upon Gearhart's history of mental illness, his self-mutilation, threats of violence toward Medical Center personnel, damage caused to property, prior staff assaults, his malodorous, disheveled appearance, and his immature behavior at the hearing, an independent psychiatrist determined that psychotropic medication was the best course of treatment for Gearhart. The decision was upheld on appeal (Doc. 35-3, Attachment B).

Gearhart has been evaluated every 30 days since by a non-treating psychiatrist to determine whether he should remain involuntarily medicated. Each evaluation has resulted in a continuation of his medications (Doc. 35-3, Attachment C). Gearhart's treating psychiatrist meets with him frequently to alter medications as necessary and to assess side effects. His treating psychiatrist reports that Gearhart's level of functioning has improved very little, and he has required frequent changes to his medications because of noncompliance with the drugs prescribed him. Gearhart has also complained of side effects from medications such as dizziness, tremors, muscle twitching, blurred vision, and weight gain. His treating psychiatrist has made frequent adjustments to dosages of medications and has substituted medications to

3

avoid unwanted side effects. Gearhart's medication regimen has been changed many times to better treat his manic symptoms (including *inter alia* agitation, threats of violence, and self-mutilation), but Gearhart has repeatedly refused to take the medication voluntarily, and at times medical staff had to forcibly inject his medications. Gearhart has continually denied his mental illness. Gearhart's condition remains unstable; he has shown little improvement (Doc. 35-3).

Defendant Castillo argues he is entitled to summary judgment in his favor on a *Bivens* theory because 1) he is being sued in his official capacity and is therefore shielded by sovereign immunity, 2) he is not liable for constitutional violations under a theory of *respondeat superior*, and 3) even if he were liable, the Plaintiff's constitutional rights have not been infringed. Defendant Castillo further argues there have been no violations of either the ADA or the RA.

<h2 style="text-align:center">DISCUSSION</h2>

*Motion for Summary Judgment*

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Popp Telecom, Inc. v. American Sharecom, Inc.*, 361 F.3d 482, 487 (8th Cir. 2004). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Johnson v. Crooks*, 326 F.3d 995, 1005-06 (8th Cir. 2003). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex,* 477

4
Case 6:10-cv-03283-RED   Document 50   Filed 03/25/13   Page 4 of 13

U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.*

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Vaughn v. Roadway Express, Inc.*, 164 F.3d 1087, 1089 (8th Cir. 1998). After the moving party has made that showing, the burden shifts to the non-moving party to demonstrate the presence of a genuine issue for trial. *See Beyer v. Firstar Bank, N.A.*, 447 F.3d 1106, 1108 (8th Cir. 2006). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) (quoting *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)).

***Civil Rights Claims Under <u>Bivens</u>***

In *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (quoting *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 66 (2001)). Liability under *Bivens* is limited to individual government officials in their personal capacities. *Malesko*, 534 U.S. at 72. The Court has declined to extend liability under *Bivens* to federal agencies, *see Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471 (1994), or to employers or supervisors under a theory of *respondeat superior*, *see Iqbal*, 556 U.S. at 675-76 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct"). To make out a *Bivens* claim, a plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. *See also Wilson v. Northcutt*, 441 F.3d 586, 591 (8th Cir. 2006).

Plaintiff has made no allegations that Defendant Castillo was personally responsible for violating any of Gearhart's constitutional rights. Most of the allegations in the operative amended complaint refer generally to USMCFP Staff. The only allegations that relate specifically to Warden Castillo are all premised upon Castillo's role as a supervisor. The Court notes that Plaintiff had the opportunity to amend the complaint with assistance of counsel. Yet, Plaintiff did not attempt to join any new defendants post-remand. The Court thus finds Plaintiff has made no showing that Defendant Castillo was personally responsible for depriving Plaintiff of any constitutional right. Thus, he has failed to demonstrate that Defendant Castillo is liable under a *Bivens* theory.

To the extent that Plaintiff's claims for damages are intended to hold Defendant Castillo liable in his official capacity as warden at USMCFP, the Court notes that official-capacity lawsuits are, "in all respects other than name," actions against the United States. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Unless waived, the doctrine of sovereign immunity shields the United States and its agencies from suit. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994). There is no waiver of immunity for constitutional violations. *Id.* at 477. Accordingly, Defendant Castillo, in his official capacity as warden of USMCFP, is entitled to judgment as a matter of law.

### *Injunctive Relief*

Claims for injunctive relief may be brought against a governmental agency, so the Court must separately consider Plaintiff's request for injunctive relief. *See Patel v. United States Bureau of Prisons*, 515 F.3d 807, 812 (8th Cir. 2008). As set forth below, Plaintiff is also not entitled to injunctive relief because he has not demonstrated a violation of his constitutional rights.

An inmate may seek injunctive relief to prevent future constitutionally-based harm when there is "a contemporary violation of a nature likely to continue." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994) (quoting *United States v. Oregon State Medical Soc.*, 343 U.S. 326,333 (1952)). To survive summary judgment on such a claim, an inmate

> must come forward with evidence from which it can be inferred that the defendant-officials were at the time suit was filed, and are at the time of summary judgment, knowingly and unreasonably disregarding an objectively intolerable risk of harm, and that they will continue to do so; and finally to establish eligibility for an injunction, the inmate must demonstrate the continuance of that disregard during the remainder of the litigation and into the future.

*Farmer*, 511 U.S. at 846. Thus, in order to show entitlement to injunctive relief, an inmate must make out a viable constitutional claim.

*Unwanted Administration of Psychotropic Drugs*

In *Washington v. Harper* the Supreme Court recognized an inmate's liberty interest under the Due Process Clause in "avoiding the unwanted administration of antipsychotic drugs." 494 U.S. 210, 222 (1990). The Court held that a prison's involuntary administration of psychotropic medications did not violate due process where the inmate has a serious mental illness, he is a danger to himself or others, and treatment with medication is in his medical interest. 494 U.S. 210, 225-27 (1990). The Eighth Circuit recently upheld forced medication of mentally ill inmates in cases of clinical necessity, after a hearing. *See Green v. Dormire*, 691 F.3d 917, 924 (8th Cir. 2012).

To comport with due process, the hearing must be held before a "neutral and detached trier of fact" for which the inmate is given adequate notice; is afforded the opportunity to appear; is allowed to present and cross-examine witnesses; and from which he may appeal. *See Green*, 691 F.3d at 924 (citing *Harper*, 494 U.S. at 228, 231, and 235). A judicial hearing is not required; the hearing may be adjudicated by non-treating medical personnel. Furthermore, due

process does not require the inmate to be represented by an attorney. An inmate's rights may be sufficiently protected by a lay adviser familiar with the psychiatric issues involved. *Harper,* 494 U.S. at 231-36.

The evidence before the Court demonstrates that Plaintiff was afforded a hearing that complied with the dictates of due process before he was forcibly medicated. The Involuntary Medication Report indicates that Dr. C. Tomelleri, a non-treating psychiatrist, conducted a hearing at USMCFP in Springfield on August 31, 2005, at 10:00 a.m. (Doc. 35-4 p. 9; Exh. 3, Attachment B). Plaintiff received notice of the hearing from Dr. D. Mrad on August 25, 2005 (Doc. 35-4, p.14). The report indicates that Plaintiff was advised of his rights at the hearing by J. Getchell, MSW. The Report indicates further that Plaintiff did not request witnesses or a staff representative, but Getchell was appointed to represent him nevertheless, and appeared at the hearing. Gearhart testified at the hearing that "he was doing quite well and did not think he was mentally ill and did not think he needed psychotropic medication." Getchell made the following statement: "The patient did not request any witnesses for the hearing. The patient was advised of the appeal process and it appears he will appeal if a decision to medicate is made. Mr. Gearhart does not believe he needs to take psychiatric medications" (Doc. 35-4, Attachment B).

Based upon Gearhart's history of mental illness, of dangerous actions towards others, including assault of medical personnel and a correctional officer, of destruction of property, and of self-mutilation by cutting; recent threats of violence toward staff members; his malodorous and disheveled appearance; "silly and immature" behavior; and his recent attempts to demolish the toilet in his cell, the hearing psychiatrist approved the use of involuntary medication "as in the patient's best medical interest." He continued, "[a]s the result of a mental disease or defect, and within the correctional setting, the patient is dangerous to others by actively engaging, or is

8
Case 6:10-cv-03283-RED   Document 50   Filed 03/25/13   Page 8 of 13

likely to engage in conduct which is either intended or reasonably likely to cause physical harm to another or cause significant property damage." The hearing psychiatrist's determination was upheld on appeal (Doc. 8-4, p. 9; Doc. 35-4, Attachment B). The record also contains documentation of the review of the necessity of continued involuntary administration of medication conducted monthly from May 2006 through January 2012. After each review, Plaintiff's medications were continued (Doc. 35-4, pp. 17-35).

These documents demonstrate that Plaintiff has failed to make out a claim that his constitutional rights were violated during the course of determining that he should be involuntarily medicated. Each safeguard discussed by the Supreme Court in *Harper*, and reiterated by the Eighth Circuit in *Green*, was adhered to in this case. Plaintiff was afforded a hearing, after receiving notice, at which he was allowed to appear and present and cross-examine witnesses, and from which he could appeal.

Plaintiff attempts to demonstrate the existence of a genuine issue of material fact by arguing that the documents submitted in support of the motion for summary judgment are open to different interpretation, specifically, that the documents show mere nominal compliance with the procedural safeguards described in *Harper*. Plaintiff argues that the procedures used to involuntarily medicate him were not "meaningful." Furthermore, despite the existence of records showing that approximately every thirty days Plaintiff was seen by a mental health professional for re-evaluation of the order to voluntarily medicate, Plaintiff argues that it was unconstitutional for his medication to be continued without formal hearings following all the safeguards outlined in *Harper*. Plaintiff further argues that Gearhart was not meaningfully "assisted" by any staff member because the staff member at his adversarial hearing did nothing more than advise Gearhart of his right to appeal.

The undersigned has thoroughly reviewed the record, and concludes that the Plaintiff's due process argument is not well-grounded. Plaintiff received all the due process required. Plaintiff received a hearing before a federal judge before confinement at USMCFP. That judge found that plaintiff was a danger to others or the property of others, pursuant to statute. Moreover, Plaintiff received a hearing prior to being forcibly medicated. The hearing contained all the safeguards outlined in *Harper* and *Green*. Furthermore, a team of psych professionals has on a monthly basis reviewed his forced medication order, and has decided to continue Gearhart on medications each month. Plaintiff has received more than adequate process in the determination that his condition requires medication. The undersigned does not find any basis for a finding of unconstitutionality based on these procedures. As such, the undersigned recommends that the plaintiff has failed, as a matter of law, to make a *prima facie* case that he was denied due process in the procedures that led to his current confinement and forced medication.

*Deliberate Indifference to a Serious Medical Need*

Although the Plaintiff does not raise the issue specifically in the amended complaint, the Court should consider whether Plaintiff is entitled to injunctive relief based on an ongoing violation of his Eighth Amendment right to be free from cruel and unusual punishment, and specifically whether the Defendant acted with deliberate indifference to the Plaintiff's serious medical needs. In response to the Defendant's Motion for Summary Judgment, Plaintiff argues that he has stated a claim that his constitutional rights have been violated in that he has been continued on medications that cause him unwelcome side effects.

The Eighth Amendment prohibits the infliction of "cruel and unusual" punishment upon prisoners. The Supreme Court has recognized that "deliberate indifference to serious medical

10

needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). In order to prevail on such a claim, the Plaintiff must first show that he suffers from an "objectively serious medical need," and that prison officials "knew of but deliberately disregarded" the need. *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997)).

"Deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'" *Estelle*, 429 U.S. at 104 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). An inmate must show "more than negligence, more even than gross negligence," and more than "mere disagreement with treatment decisions" to demonstrate a violation of the constitution. *Jolly*, 205 F.3d at 1096 (quoting *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995)). An inmate must establish "a mental state akin to criminal recklessness: disregarding a known risk to the inmate's health." *Vaughn v. Gray*, 557 F.3d 904, 908 (8th Cir. 2009) (quoting *Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006)). "But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Farmer v. Brennan*, 511 U.S. at 838.

The Plaintiff has not demonstrated that Defendant Castillo, or any other prison official for that matter, knew of a serious medical need of the Plaintiff, but deliberately disregarded it. In fact, no evidence has been presented that defendant Castillo was involved in medically treating the Plaintiff at all. And, as discussed above, there is no *respondeat superior* liability that may be imputed to Castillo as a supervisor in a *Bivens* action. Moreover, far from being treated with indifference, the record demonstrates that the Plaintiff received frequent mental health evaluation and treatment. Plaintiff has also made no allegations that Defendant Castillo or any other

defendant acted with the state of mind required to show deliberate indifference. As such, undersigned recommends that the Plaintiff has failed to make a claim of a violation of the Eighth Amendment for deliberate indifference to his serious medical needs.

*Additional Claims Raised in the Amended Complaint*

The Plaintiff made a number of claims in the amended complaint that are unsupported by either law or fact. The undersigned recommends dismissal of these claims out of hand. First, the undersigned finds no violation of the Plaintiff's right of access to courts. Plaintiff has successfully filed lawsuits, and the litigation in this case continues. The Court appointed counsel to represent Plaintiff. Even had Plaintiff been limited in his ability to file a document, an inmate cannot make out an access to courts violation without a showing of prejudice. Plaintiff has made no allegations that he has been prejudiced by the inability to access the courts.

The undersigned also recommends there was no violation of the Plaintiff's right to counsel. Plaintiff alleges that "all persons challenging the conditions of their confinement enjoy a constitutional right to legal counsel under the Sixth Amendment and the Due Process Clauses and Equal Protection clauses of the Fifth and Fourteenth Amendments" (Doc. 33 ¶ 82). This is an incorrect statement of the law. Civil litigants do not have a constitutional or statutory right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). As such, Plaintiff has failed to state a claim that his right of access to the courts or right to counsel has been violated.

The undersigned also recommends a finding of no merit to Plaintiff's claim of violations of his rights under the Equal Protection Clause. Plaintiff claims that other similarly situated inmates at USMCFP are given more resources than the Plaintiff. There is no factual basis in the record to support such an assertion. Accordingly, it is recommended that the Plaintiff has failed

to state a valid Equal Protection claim, and the Defendant is entitled to summary judgment as a matter of law.

Finally, the undersigned recommends that the Court find without merit Plaintiff's claims under the ADA or the RA. To state a claim under either statute, a plaintiff must demonstrate that he or she has a disability as defined by statute, is qualified for a benefit, and was excluded from the benefit due to his disability. *See Randolph v. Rodgers*, 170 F.3d 850, 858 (8th Cir. 1999). Plaintiff has made no such allegations. Plaintiff claims that as an inmate with a mental disorder, he has been denied proper treatment. The allegations do not explain from what benefit the plaintiff is being excluded on the basis of his disability. As such, the claim does not sound in violation of the ADA or RA. Instead, it is the same argument made under the *Bivens* theory discussed above, namely, that his constitutional rights have been violated by officials at USMCFP.

## Conclusion

In summary, the undersigned United States Magistrate Judge **RECOMMENDS** that Defendant Castillo is entitled to summary judgment on all claims of the amended complaint. Accordingly, based on all the foregoing, **IT IS HEREBY RECOMMENDED** that the Defendant's Motion for Summary Judgment (Doc. 35) be **GRANTED** and the case **DISMISSED**.

**DATED:  March 25, 2013**

    /s/ David P. Rush
**DAVID P. RUSH**
**United States Magistrate Judge**